**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY EMANUEL HERRERA LOPEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3825

Agency No.
A078-157-494

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Seattle, Washington

Before: McKEOWN, BEA, and BRESS, Circuit Judges.

Tony Emanuel Herrera Lopez, a native and citizen of Mexico, petitions for

review of the denial by the Board of Immigration Appeals ("BIA") of his motion to

reopen removal proceedings. We have jurisdiction to review mixed questions of

law and fact under 8 U.S.C. § 1252. *See Wilkinson v. Garland*, 601 U.S. 209, 212

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2024).  We review for abuse of discretion the BIA's denial of a motion to reopen. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 952 (9th Cir. 2025).  Although we have jurisdiction to review the BIA's determination whether a petitioner is eligible for cancellation of removal, the BIA's "discretionary determination on whether or not to grant cancellation of removal . . . is not reviewable as a question of law." *Wilkinson*, 601 U.S. at 225 n.4 (emphasis omitted).  Similarly, we generally lack jurisdiction to review the BIA's denial of sua sponte reopening.  *Lemus-Escobar*, 158 F.4th at 964–65.  We deny Herrera Lopez's petition for review.

The BIA denied Herrera Lopez's motion to reopen for cancellation of removal for failure to establish prima facie eligibility for cancellation of removal and, in the alternative, for untimely filing.  The BIA also declined to exercise its discretionary sua sponte authority to reopen.  Herrera Lopez argues that he is entitled to reopening of proceedings because his deportation would impose "exceptional and extremely unusual hardship" on a qualifying family member, thereby establishing prima facie eligibility for cancellation of removal, and because his motion would have been timely filed if not for his ineffective counsel.

The BIA did not abuse its discretion in denying Herrera Lopez's motion to reopen.  We review each of Herrera Lopez's arguments in turn.

The BIA did not abuse its discretion in finding that Herrera Lopez failed to establish prima facie eligibility for cancellation of removal under 8 U.S.C.

§ 1229b(b). As evidence of hardship, Herrera Lopez offers medical documentation demonstrating that his U.S.-citizen son was born with clubfoot and began treatment when he was one month old. However, the most recent medical report in the record, from when his son was 3 years old, stated that his son's walk had improved. Herrera Lopez's son is now 13 years old. Herrera Lopez also states that his son has eyelid deformations and "delicate" health overall. But he has not provided recent medical records supporting this claim. Accordingly, Herrera Lopez does not demonstrate that his removal would result in exceptional and extremely unusual hardship to his U.S.-citizen son. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) (exceptional and extremely unusual hardship must "deviate, in the extreme, from the norm" of "the hardship that results in the usual, ordinary course when an alien is removed").

Herrera Lopez cites additional factors as potential grounds for a hardship finding: the chance that his family "might end up moving to Mexico with him," potential family separation, financial loss, damage to his pride as a father, difficulty navigating post-pandemic Mexico, and limited family ties in Mexico. However, factors like these have been deemed insufficient to meet the high bar of exceptional and extremely unusual hardship. *See e.g.*, *Ramirez-Durazo v. I.N.S.*, 794 F.2d 491, 498 (9th Cir. 1986) (allegations of economic disadvantage and cultural readjustment do not constitute extreme hardship); *Cabrera-Alvarez v.*

*Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) ("sadly common" emotional hardship resulting from the separation of parents from children does not always establish exceptional hardship).

Herrera Lopez also argues that his wife would face exceptional and extremely unusual hardship from his removal. However, his wife—neither a U.S. citizen nor lawfully admitted for permanent residence—is not a qualifying resident for purposes of cancellation of removal. Herrera Lopez has not shown a reasonable likelihood that any qualifying relative would experience exceptional and unusual hardship in the event of his removal, and as such, has not established prima facie eligibility for cancellation of removal under 8 U.S.C. § 1229b(b).

We are without jurisdiction to review the BIA's alternative decision declining to exercise its discretion to cancel removal. *Wilkinson*, 601 U.S. at 225 n.4. Similarly, we lack jurisdiction to review the BIA's decision to decline to sua sponte reopen Herrera Lopez's case. *Lemus-Escobar*, 158 F.4th at 964–65. Herrera Lopez points to no relevant constitutional or legal error underlying the Board's exercises of its discretionary authority that would permit judicial review of those determinations. *Id.* at 965; 8 U.S.C. § 1252(a)(2)(D).

Finally, because Herrera Lopez failed to state a prima facie case for cancellation of removal even assuming timely filing, we decline to reach the timeliness issue.

24-3825

**PETITION DENIED IN PART AND DISMISSED IN PART**.[1]

---

[1] The stay of removal (Dkt. No. 3) will dissolve upon the issuance of the mandate.